**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIRGINIA ANN CALDWELL-GRANT, | No. 15-16919 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01902-SPL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted May 16, 2017[**]

Before: D.W. NELSON, TROTT, and OWENS, Circuit Judges.

Virginia Caldwell-Grant appeals from the district court's decision affirming

the Commissioner of Social Security's denial of her application for supplemental

security income under Title XVI of the Social Security Act. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo, and we affirm.  *See Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014).

The administrative law judge ("ALJ") did not err in finding, at step five of the sequential evaluation process, that Caldwell-Grant had transferable work skills. The parties agree that at the time of the ALJ's decision, Caldwell-Grant was limited to light work and was of advanced age with a high school education, and therefore would be considered not disabled under the Medical-Vocational Guidelines, or "grids," if she had transferable skills.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, 202-06 & 202.07.  The vocational expert's testimony satisfied the Commissioner's burden of establishing specific work skills—stock checking, merchandise cataloging, and inventory marking—that Caldwell-Grant had acquired from her past semi-skilled work as a stock clerk.  *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1223-24 (9th Cir. 2009).  These transferable skills enable Caldwell-Grant to perform jobs as an order filler, layaway clerk, and lost-and-found clerk.  Accordingly, substantial evidence supports the ALJ's finding that Caldwell-Grant's skills were transferable to a significant range of semi-skilled work that she could perform, given her age, education, work experience, and residual functional capacity.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, 202.00(c)

(providing that work skills must be readily transferable to a significant range of jobs); *cf. Lounsburry v. Barnhart*, 468 F.3d 1111, 1117 (9th Cir. 2006) (holding that transferability of skills to only one occupation was insufficient). We therefore affirm the district court's judgment.

**AFFIRMED.**